KNAPP TRANSIT MIX COMPANY v HIGHLAND GREENS, INC.

1. PAYMENT—APPLICATION OF PAYMENTS—RIGHT OF CREDITOR TO ELECT.

A debtor may elect to which of two or more debts his payment shall apply, but if he does not so elect the creditor may.

2. PAYMENT—APPLICATION OF PAYMENTS—MECHANIC'S LIEN—REDUCTION OF LIEN.

Payments by an owner jointly to a contractor and his materialman for improvements to the owner's land made after the materialman had filed his notice of intention to file a mechanic's lien may be applied as between the contractor and materialman as they see fit, but not to the detriment of the owner; therefore, where it has been stipulated that the costs of the improvements was equally divisible between the contractor and the materialman, the materialman's lien must be reduced by one-half the amount of the payments which the owner made jointly to the contractor and the materialman.

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 January 8, 1974, at Lansing. (Docket No. 15957.) Decided March 5, 1974.

Complaint by Knapp Transit Mix Company against Highland Greens, Inc., and First Federal Savings and Loan Association of Detroit to foreclose a mechanic's lien. Cross-complaint by Highland Greens, Inc., against added defendant Edward Walker for reimbursement of any amount it had to pay Knapp Transit Mix Company. Judgment for

REFERENCES FOR POINTS IN HEADNOTES

[1] 60 Am Jur 2d, Payment §§ 81–84.

[1, 2] Right of debtor who pays creditor to control application of payments made by latter to his creditor with proceeds of original payment. 166 ALR 641.

[2] 53 Am Jur 2d, Mechanics' Liens §§ 329–331.

plaintiff Knapp Transit Mix Company and cross-complainant Highland Greens, Inc. Highland Greens, Inc., and First Federal Savings and Loan Association of Detroit appeal. Reversed in part and remanded to the trial court for entry of a corrected judgment.

*Campbell, Lee, Kurzman & Leitman* (by *Gerald A. Fisher),* for plaintiff.

*Berry, Hopson, Francis & Mack* (by *Robert W. Kefgen),* for defendants Highland Greens, Inc., and First Federal Savings and Loan Association of Detroit.

Before: QUINN, P. J., and DANHOF and ALLEN, JJ.

QUINN, P. J. This action to foreclose a mechanic's lien was submitted to the trial court on stipulated facts. From a judgment in favor of plaintiff, Highland Greens and First Federal Savings & Loan appeal.

Plaintiff is engaged in the production, sale, and delivery of transit-mix concrete. Highland Greens owns land on which there is a trailer park. Defendant Walker is a cement contractor. Prior to April 17, 1970, Highland contracted with Walker to furnish the labor and material for certain improvements to the trailer park. Walker purchased transit-mix concrete and other supplies from plaintiff with which to make the improvements.

Plaintiff furnished the last materials on May 18, 1970, and timely served on Highland notice of intention to claim a lien for the materials furnished, as required by MCLA 570.1; MSA 26.281. Plaintiff timely recorded and served on Highland a

statement of account and lien in the amount of $12,434.68, as required by the same statute.

Prior to the Highland job, Walker was indebted to plaintiff on an open account for materials in the amount of $5,518.84. None of this indebtedness had anything to do with Highland.

April 24, 1970, Highland issued its check payable to Walker and plaintiff in the amount of $3,414.14 and delivered the check to Walker. Subsequently, this check was endorsed by the payees and negotiated. Plaintiff credited Walker's account of $5,518.84 with $1,914.14 and issued its check to Walker in the amount of $1,500.

May 1, 1970, Highland issued its check payable to Walker and plaintiff in the amount of $6,604.70 and delivered the check to Walker. This check was also endorsed by the payees and negotiated and plaintiff credited $3,604.70 to Walker's prior account and issued its check to Walker for $3,000.

May 8, 1970, Highland issued its check payable to Walker and plaintiff in the amount of $3,000 and delivered this check to Walker. It was endorsed by the payees, cashed, and plaintiff retained none of the proceeds. All of the foregoing payments were made without Walker furnishing Highland the verified statement of materialmen required by MCLA 570.4; MSA 26.284. By the terms of the latter statute, such payments were illegal and in violation of the rights of the materialman, although Highland could have paid plaintiff direct with impunity.

In granting plaintiff a judgment for the full amount of its statement of account and lien, the trial judge relied on *Grace Harbor Lumber Co v Ortman,* 190 Mich 429; 157 NW 96 (1916), which held that a debtor may elect as to which of two or

more debts his payment shall apply, but if he does not so elect, the creditor may elect.

The authority relied on supports that part of the judgment which relates to the fund retained by Walker, $7,500. It does not support the $5,518.84 retained by plaintiff and applied to Walker's prior debt because Highland was in no way obligated on that debt. The judgment in plaintiff's favor must be reduced by $5,518.84.

Furthermore, the parties have stipulated that it is the standard and custom in the transit-mix industry and cement contracting industry that approximately 50% of the cost of furnishing and placing concrete represents labor and approximately 50% represents material. Except for the material Walker purchased from plaintiff for the Highland job, Highland was not indebted to plaintiff. By checks payable to plaintiff and Walker, Highland paid a total of $13,018.84 on the cost of the job. As between plaintiff and Walker, they could divide this amount as they saw fit, but not to the detriment of Highland. It was entitled to credit on its account with plaintiff for material of one-half the amount paid. The judgment in plaintiff's favor must be reduced by a total of $6,509.42.

Reversed in part and remanded to the trial court for entry of a corrected judgment in conformance with this opinion. Highland Greens and First Federal Savings & Loan may recover their costs.

All concurred.